Huang v. Garland

BIA
Poczter, IJ
A209 118 991

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand twenty-three.

PRESENT:
> REENA RAGGI,
> JOSEPH F. BIANCO,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

FENG LING HUANG,
> *Petitioner*,

v.                                                                      21-6374-ag

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:             Joan Xie, Esq., New York, NY.

FOR RESPONDENT:            Brian Boynton, Principal Deputy Assistant Attorney General; Sarah S. Wilson, Assistant Director; Anthony J. Messuri, Trial Attorney; Nicholas Martini, Law Intern, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Feng Ling Huang, a native and citizen of the People's Republic of China, seeks review of a May 26, 2021, decision of the BIA affirming an October 31, 2018, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Feng Ling Huang,* No. A 209 118 991 (B.I.A. May 26, 2021), *aff'g* No. A 209 118 991 (Immigr. Ct. N.Y.C. Oct. 31, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the decisions of both the IJ and the BIA. We address only the adverse credibility determination.[1] *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We have reviewed all of the grounds that the IJ provided for the adverse credibility determination, including those not explicitly discussed by the BIA. *See id.* We review adverse credibility determinations "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and treat the agency's factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or

---

[1] Accordingly, we do not reach Huang's arguments regarding the IJ's alternative findings.

2

witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Huang alleged that she attended a house church in China on two occasions, in October 2015 and March 2016; that the church was raided during her second visit; and that the police beat her twice, interrogated her three times, detained her for fifteen days, and threatened her with future arrest if she attended further services. Although not without error, the agency's determination that Huang was not credible is supported by substantial evidence.

The agency reasonably relied on inconsistencies between Huang's application and her testimony about when she stopped attending school, how many worshippers were at the church during the raid, what the police did during the raid, and the details of her beatings. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). First, Huang's application reflected that she attended high school through October 2015, and she did not report any subsequent education; but she testified at her hearing that she stopped attending school in March 2016

3

because she was frightened by her arrest and in hiding. Huang's argument that she could have been referring to dates she left two different schools is not compelling; she omitted any subsequent education from her application, and she gave a different explanation — that she did not understand the interpreter when preparing her application — during her hearing. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for h[er] inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit h[er] testimony." (citation and quotation marks omitted)). The agency was not required to accept her explanation that she misunderstood the interpreter when preparing her application because she also gave the October 2015 completion date during her credible fear interview.[2] *See id.*

Second, Huang wrote that there were 16 church members present on the day of the raid, but she testified that there were about 20, including the 16 who were arrested and others who escaped. Though the discrepancy was minor, Huang did not explain it when given an opportunity to do so. Moreover, Huang testified that, other than arresting church members and demanding that they name the church's organizer, the police did not do

---

[2] The IJ appears to have misunderstood Huang's testimony as asserting that she did not understand the interpreter at her *hearing*, rather than when preparing the application, but Huang does not raise that issue in her brief, and the record reflects the inconsistencies. Huang does not challenge the agency's reliance on the credible fear interview record. *See Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009) (holding that the agency may consider statements made in a credible fear interview when assessing credibility if, as is the case here, "the record of [the] credible fear interview displays the hallmarks of reliability").

anything during the raid; this was inconsistent with her written statement that the police searched the house and confiscated Bibles, crosses, and other items. The IJ was not required to accept her explanation that she forgot about the search and confiscations, particularly since that was the only time she was allegedly arrested. *See id.*

Third, Huang initially testified at her hearing that her assailants hit her in the mouth and on the arms with a shoe during both beatings, but had stated during her credible fear interview that she was hit in the mouth and legs. When confronted at the hearing with this inconsistency, she changed her testimony to conform with the prior statement, adding that they pinched her arms with their hands. Again, the agency was not required to accept Huang's explanation that she forgot how she was beaten, especially given that these were the only alleged incidents of physical abuse. *See id.*

Huang has not challenged either the agency's conclusion that her corroborating evidence did not rehabilitate her testimony or independently satisfy her burden of proof, or the BIA's conclusion that she failed to address that issue on appeal. Accordingly, she has abandoned any challenge to those findings. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005) (deeming claim abandoned where petitioner's brief did not address it); *see also Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 123 (2d Cir. 2007) (explaining that "usually . . . issues not raised to the BIA will not be examined by the reviewing court"), *abrogated on other grounds by Santos-Zacaria v. Garland*, 143 S. Ct. 1103 (2023). These findings further bolster the adverse credibility determination because "[a]n applicant's failure to corroborate his or her testimony may bear on credibility,

5

because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007); *see also Shunfu Li v. Mukasey*, 529 F.3d 141, 146–47 (2d Cir. 2008) (noting that waived issues could support adverse credibility determination).

We agree with the BIA that, in light of these inconsistencies, a reasonable IJ would not "be compelled to conclude" that Huang was credible. 8 U.S.C. § 1252(b)(4)(B). However, we note that the IJ should not have relied on certain omissions to support the adverse credibility finding. *See Hong Fei Gao*, 891 F.3d at 78–79 ("[I]n assessing the probative value of the omission of certain facts, an IJ should consider whether those facts are ones that a credible petitioner [or witness] would reasonably have been expected to disclose under the relevant circumstances."). The IJ misstated that Huang had failed to mention the second beating, when in fact she had omitted the first (less severe) beating. The IJ also erred in finding that Huang had omitted an "interrogation" from her application statement, when in fact she had described the incident, only without that label. Further, we are not convinced that Huang should have been expected to mention in her application that she had borrowed a Bible, nor should her mother have been expected to discuss in her letter that she had forbidden Huang from attending church. *See id.* at 81 ("[W]here a third party's omission creates no *inconsistency* with an applicant's own statements[,] an applicant's failure to explain third-party omissions is less probative of credibility than an applicant's failure to explain his or her own omissions."). The BIA did not address these issues.

Nonetheless, given the multiple inconsistencies related to the alleged persecution and its consequences, and the uncontested lack of reliable corroborating evidence for the critical aspects of petitioner's claims, substantial evidence supports the agency's adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find [her] credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167; *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 294 (2d Cir. 2006) ("Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements . . . about matters material to [a] claim of persecution . . . , a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." (citation and quotation marks omitted)). Even where the agency's evaluation of the record contains errors, remand is not required "when . . . reliance on the erroneous aspect of [the IJ's] reasoning is substantially tangential to . . . non-erroneous findings" or "when overwhelming evidence in the record makes it clear that the same decision is inevitable on remand." *Gurung v. Barr*, 929 F.3d 56, 62 (2d Cir. 2019). This is such a case, given the strength and significance of the inconsistency findings.

Because Huang's claims for asylum, withholding of removal, and CAT relief all relied on the same discredited facts, the adverse credibility determination was dispositive. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). The IJ expressly extended the adverse credibility finding to any claim of future persecution, which Huang does not

7

independently contest on appeal.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left:45%">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>